UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.

MARIA KARLA SOSA,

    Plaintiff,

vs.

CITY OF MIAMI, FLORIDA, a Florida municipal corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA KARLA SOSA ("SOSA"), sues Defendant, CITY OF MIAMI, FLORIDA ("MIAMI"), a Florida municipal corporation and states:

## JURISDICTION AND PARTIES

1. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

2. This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

3. Plaintiff, SOSA, is a female and was employed by the Defendant, CITY OF MIAMI, FLORIDA, as an Ocean Rescue Lifeguard until her termination on April 24, 2019.

4. Defendant, CITY OF MIAMI, FLORIDA, is a municipal corporation within the State of Florida, and within the jurisdiction of this Court.

5. Declaratory, injunctive, equitable relief, lost wages, salary, employment

benefits and other compensatory and punitive damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5.  Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7.  Plaintiff has exhausted any and all available administrative remedies or doing so would be futile.  Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit "B". Plaintiff's Dismissal and Notice of Rights was issued on July 16, 2019, a copy of which is attached hereto as Exhibit "A".

### COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sex Discrimination

8.  Plaintiff repeats and realleges paragraphs 1 through 7 as if stated fully herein.

9.  Plaintiff was employed by Defendant for approximately nine (9) years in various positions.  On or about June 24, 2018, Plaintiff was promoted to the position of Ocean Rescue Lifeguard.

10.  During her employment, Plaintiff was subjected to gender-based discrimination by a supervisor, Richard Rosell, Sr., including harassment, bullying and being told she was too fat and the job was too difficult for a woman.  Plaintiff objected to the harassment and discrimination on the basis of her sex and filed a complaint against Mr. Rosell with Defendant.

11.  Shortly thereafter, in apparent retaliation for having engaged in protected

activity, Plaintiff was falsely accused of sleeping on duty and terminated from her position as an Ocean Rescue Lifeguard on April 24, 2019.

12. Plaintiff had never previously been disciplined and Plaintiff was the only female in that position at the time of her termination.

13. As a result, Plaintiff has been subjected to discrimination on the basis of her sex in violation of Title VII.

14. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. Punitive damages;

f. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g. trial by jury; and

h. such other relief as the court deems proper.

## COUNT II -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Retaliation

14. Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

15. On or about April 24, 2019, Plaintiff was terminated from her position of Ocean Rescue Lifeguard with the Defendant. She had been employed with the Defendant for approximately nine (9) years. At the time of her termination, no valid basis for her termination was provided, nor does one exist.

16. Several months prior to her termination, Plaintiff had expressed objection to gender-based discrimination and harassment as well as filing a complaint against a supervisor. In retaliation for having engaged in protected activity, Plaintiff was falsely accused of sleeping on duty and terminated from her position as an Ocean Rescue Lifeguard.

17. Plaintiff had never previously been disciplined and Plaintiff was the only female in that position at the time of her termination.

18. As a result, Plaintiff has been subjected to retaliation on the basis of her protected activity in violation of Title VII.

19. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now

suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

    a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

    b.    enjoining and permanently restraining these violations of Title VII;

    c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

    d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

    e.    punitive damages;

    f.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

    g.    trial by jury; and

    h.    such other relief as the court deems proper.

### **COUNT III -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**
**Sex Discrimination**

14. Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

15. On or about August 22, 2008, Plaintiff was terminated from her position of Police Sergeant with the Defendant. She had been employed with the Defendant for approximately thirteen (13) years. At the time of her termination, no valid basis for her termination was provided nor does one exist.

16. Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning falsification of payroll records.

17. Other employees of Defendant, who are male, have been accused of the same misconduct and have not been terminated.

18. As a result, Plaintiff has been subjected to discrimination on the basis of her race in violation of Title VII.

19. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

  c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

  d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

  e. punitive damages;

  f. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

  g. trial by jury; and

  h. such other relief as the court deems proper.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff, SOSA, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

        Respectfully submitted,

        TERI GUTTMAN VALDES LLC
        Counsel for Plaintiff
        1501 Venera Avenue, Suite 300
        Coral Gables, Florida 33146
        Telephone: (305) 740-9600
        Facsimile: (305) 740-9202


        By:/s/Teri Guttman Valdes
         Teri Guttman Valdes
         Florida Bar No. 0010741

Dated October 9, 2019.

EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2019-04588 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Maria Sosa | (786) 556-6453 | 1990 |

Street Address: 8030 N.W. 8th Street, Apt 301, Miami, FL 33126

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF MIAMI | 15-100 | (305) 416-1730 |

Street Address: 444 S.W. 2nd Avenue, Miami, FL 33130

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-24-2018  Latest: 04-24-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a female. I worked for the above employer for about nine years. On June 24, 2018, I was given a full-time position as an Ocean Rescue Lifeguard. Prior to my promotion, I worked on a part-time status. During my tenure, I was subjected to gender-based discrimination by Richard Rosell, Sr. Ocean Life Guard. He will constantly harass and bully all employees under his supervision. On several occasions he stated to me that I was too fat for the position; however, he never told males the same. Also, Mr. Rosell never assigned me to personal watercraft rescues. He stated to me on numerous occasions that this job was difficult for a male and being a woman, I could not do it. In December of 2018, myself and several of my co-workers filed a harassment complaint against Mr. Rosell. My employer stated that the matter was investigated and that the allegations were unfounded. As a result of my internal complaint, I was accused by Mr. Rosell of sleeping in the tower which was not true. In retaliation for complaining about the harassment, I was terminated on April 24, 2019. During my employment, I have never been disciplined, and was the only female at the time.

On April 24, 2019, Daniel Lopez, Aquatic Planner, and Lara Hamwey, Parks Director, informed me that my probationary period has been terminated for sleeping on the job.

I believe that I have been discriminated against due to my sex/female in violation of Title VII of the 1964 Civil Rights Act, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Jun 12, 2019

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT B



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1246 3396

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

July 16, 2019

Ms. Maria Sosa
8030 NW 8th Street
Apt. 301
Miami, FL  33126

Re: EEOC Charge Against City of Miami
    No. 510201904588

Dear Ms. Sosa:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by  Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Miami District Office, EEOC
City of Miami